**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ROSA MARIA CASTAÑEDA
RESENDIZ,

                Petitioner,

v.                                    Case No:   6:26-cv-765-GAP-LHP

MARCOS CHARLES, NORMAN
BRADLEY, JUAN AGUDELO,
CHARLES WALL, TODD BLANCHE,
MARKWAYNE MULLIN, TODD M.
LYONS, JOHN DOE,

                Respondents.

---

**ORDER**

This cause came before the Court for consideration without oral argument on Respondents' Motion to Dismiss the Habeas Petition. Doc. 7. The Motion is unopposed. *See id.*

Petitioner Rosa Maria Castañeda Resendiz ("Petitioner") is a citizen of Mexico who has resided in the United States since 1995. Doc. 1, ¶ 31. Since approximately 2013, she has been under the supervision of Immigration and Customs Enforcement ("ICE") and regularly reported for check-in appointments.

*Id.*, ¶ 35. Recently, as part of her supervision, she was fitted with a GPS ankle device for electronic monitoring. *Id.*, ¶¶ 2, 40.

On April 7, 2026, Petitioner was at a scheduled ICE appointment with counsel when she was taken into custody. *Id.* She alleges that, during her appointment and without prior notice to either her or her counsel, an ICE officer demanded that she produce a same-day departure ticket to Mexico. *Id.*, ¶ 3. When counsel asked whether she could assist Petitioner with obtaining a ticket, Petitioner reports that the ICE officer became combative, calling Petitioner a "liar," mocking counsel, and threatening to detain Petitioner on the spot. *Id.*, ¶¶ 3-5. At one point, the ICE officer also denied counsel the opportunity to speak with Petitioner and falsely asserted that Petitioner's family had hired another attorney. *Id.*, ¶¶ 7-8. The ICE officer eventually took Petitioner.[1] *Id.*, ¶ 9.

On April 8, 2026, Petitioner filed a petition for writ of habeas corpus challenging the legality of her detention. *See generally id.* She also filed an Emergency Motion for Temporary Restraining Order ("TRO"), asking the Court to enjoin Respondents from removing her from the Middle District of Florida. Doc. 2.

---

[1] The Petition identifies the ICE officer as "Christine [last name unknown]." *See* Doc. 1, ¶ 3. Similar concerns regarding this officer's conduct have been raised in other proceedings before this Court, which the Court finds troubling. *See A.E.T.M. v. Bondi*, No. 6:26-cv-00536-GAP-LHP (M.D. Fla. Mar. 11, 2026), Doc. 2-1 at 4, Doc. 23 at 14:3-16:1.

On that same day, the Court granted the TRO and directed Respondents to show cause as to why the Court should not grant the Petition. Doc. 4.

On the morning of April 9, 2026, Respondents filed a Notice informing the Court that Petitioner had been released from custody at approximately 6:00 P.M. on April 8, 2026. Doc. 5. Petitioner has not been re-taken into custody since then.

Because Petitioner is no longer in custody for the purposes of her habeas petition, and because the instant Motion is unopposed, this Court will grant the Motion and dismiss the habeas petition as moot. *See Munaf v. Green*, 553 U.S. 674, 686 (2008) (holding that Section 2241 "applies to persons held in custody under or by color of the authority of the United States").

Accordingly, it is **ORDERED** that Respondents' Motion to Dismiss the Habeas Petition (Doc. 7) is hereby **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is hereby **DENIED as moot**.

The Clerk is directed to close the case.

**DONE** and **ORDERED** in Orlando, Florida on April 14, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

- 3 -